OCTOBER 28, 1964.

No. 636. GOLDWATER v. FEDERAL COMMUNICATIONS COMMISSION ET AL. C. A. D. C. Cir. Certiorari denied. *Gerald D. Morgan, Arthur H. Schroeder, John B. Kenkel* and *John P. Bankson, Jr.,* for petitioner.

MR. JUSTICE GOLDBERG, with whom MR. JUSTICE BLACK joins, dissenting from the denial of certiorari and application for expedited consideration.

I would grant certiorari and the application of the petitioner to set the case for oral argument on Thursday, October 29, 1964.

In my view the question raised by the petition is substantial and warrants argument, which, in view of the imminence of the election, should be set for Thursday, if petitioner is to be given any practical relief before next Tuesday's election.

Section 315 (a) of the Federal Communications Act of 1934, as amended, 47 U. S. C. § 315 (a) (1958 ed., Supp. V), is as follows:

> If any licensee shall permit any person who is a legally qualified candidate for any public office to use a broadcasting station, he shall afford equal opportunities to all other such candidates for that office in the use of such broadcasting station: *Provided,* That such licensee shall have no power of censorship

over the material broadcast under the provisions of this section. No obligation is imposed upon any licensee to allow the use of its station by any such candidate. Appearance by a legally qualified candidate on any—

(1) bona fide newscast,

(2) bona fide news interview,

(3) bona fide news documentary (if the appearance of the candidate is incidental to the presentation of the subject or subjects covered by the news documentary), or

(4) on-the-spot coverage of bona fide news events (including but not limited to political conventions and activities incidental thereto),

shall not be deemed to be use of a broadcasting station within the meaning of this subsection. Nothing in the foregoing sentence shall be construed as relieving broadcasters, in connection with the presentation of newscasts, news interviews, news documentaries, and on-the-spot coverage of news events, from the obligation imposed upon them under this chapter to operate in the public interest and to afford reasonable opportunity for the discussion of conflicting views on issues of public importance.

The statute on its face plainly requires that a licensee who permits any legally qualified candidate for any public office to use his broadcast facilities afford equal opportunities to all other qualified candidates. No exemption is made for a legally qualified candidate who is the incumbent President of the United States. The express exceptions to the broad scope of the statute for bona fide broadcasts, news interviews, news documentaries and on-the-spot coverage of bona fide news events do not

appear to apply to the address made by the President on Sunday, October 18, 1964, which does not seem to fit into any of these categories.

The Federal Communications Commission's own interpretations of the statute have not been wholly consistent. The Commission has ruled that a spot announcement wherein President Eisenhower, then a candidate for re-election, appeared appealing for a Community Fund Drive constituted a use requiring equal time to all other candidates. *Columbia Broadcasting System,* 14 Pike & Fischer Radio Reg. 524 (1956). The Commission, in a divided decision, held, in 1956, that the Democratic candidate for President, the Honorable Adlai E. Stevenson, was not entitled to equal time resulting from use of the network facilities by the Republican candidate, President Eisenhower, to report on the Suez crisis. *Columbia Broadcasting System,* 14 Pike & Fischer Radio Reg. 720 (1956). Finally, the Commission has recently held that the full broadcasting of a presidential news conference would be subject to the equal-time requirement. *Columbia Broadcasting System,* F. C. C. 64–887, 56865 (Sept. 30, 1964). These varied holdings of the Commission, and the express language of the Act, confirm my view of the substantiality of the question and the need for immediate argument and speedy decision of this case.

The importance of the question is, I believe, plainly apparent. The statute reflects a deep congressional conviction and policy that in our democratic society all qualified candidates should be given equally free access to broadcasting facilities, regardless of office or financial means, if any candidate is granted free time. This Court, in the recent past, has recognized the importance of making broadcasting facilities "available to candidates for office without discrimination." *Farmers Educational & Cooperative Union* v. *WDAY, Inc.,* 360 U. S. 525, 529.

Perhaps on argument, considerations may be advanced which would cast more light on what now appears to me to be a clear and unequivocal expression of congressional intent. But, since the Court has denied the petition and the application for expedited argument, I am impelled to record this dissent.

MR. JUSTICE WHITE took no part in the consideration or decision of this petition.